## Slayton v. Biebel

C.P. of Crawford County, no. 1993-127.

*Irving M. Portnoy,* for plaintiffs.
*William L. Walker,* for defendant Biebel.
*Gary A. Fabian,* for defendant Okuma.
*William A. Dopierala, deputy attorney general,* for additional defendant PennDOT.
*E. Max Weiss,* for additional defendant Bearce.

VARDARO, *J.,* June 4, 1998—The present action arises from an automobile accident occurring on August 8, 1991 and in various phases of discovery since its initiation in 1993. At this point, the defendant-Biebel has served subpoenas upon various non-party health care providers and custodians of workers' compensation records in accord with Pa.R.C.P. 4009.21(a). The plaintiff has invoked his rights under Pa.R.C.P. 4009.21(b) and has given notice of his objection to the issuance of these subpoenas. The cornerstone of plaintiff's objection is that, contained in the information which is sought, are medical matters of a private and personal

nature and medical matters which are irrelevant to this cause of action. Plaintiff requests that the records defendant seeks be first sent to plaintiff's counsel such that matters which are irrelevant and undiscoverable may be extracted. The defendant opposes such a procedure.

## DISCUSSION

The limits of the scope of discovery are set forth in Pa.R.C.P 4003.1(a) which provides in material part that "a party may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action . . . ." The scope of discovery is necessarily broad by definition and everything is presumed to be discoverable unless subject to a proscription set forth in the rules. *Mountain View Condominium Owners' Ass'n v. Mountain View Associates,* 9 D.&C.4th 81 (1991). A party then may "obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Lindsey v. PennDOT,* 23 D.&C.3d 202 (1982). The facts and circumstances of each particular cause of action will frame the proper scope of discovery. See *Stenger v. Lehigh Valley Hospital Center,* 530 Pa. 426, 609 A.2d 796 (1992). A court will only place limitations on the scope of discovery when it concludes that a matter which is sought as discoverable is privileged, irrelevant, or specifically prohibited by the rules.

While a litigant's right to discovery is far-reaching, this right is not absolute. *Taylor v. West Penn Hospital,* 48 D.&C.3d 178 (1987). The limitations contained in Pa.R.C.P. 4011 define the bounds of the scope of discovery. Specifically, Pa.R.C.P. 4011(b) prohibits any

discovery which could cause "unreasonable annoyance, embarrassment, oppression, burden, or expense to a deponent or any person or party," and Rule 4011(e) prohibits the making of an "unreasonable investigation by the deponent or any party or witness."

In the province of discovery, Pennsylvania case law recognizes an individual's interest in avoiding the disclosure of personal matters which are within a constitutionally protected sphere of privacy. *In re June 1979 Allegheny County Investigating Grand Jury,* 490 Pa. 143, 415 A.2d 73 (1980).[1] The United States Supreme Court in *Walen v. Roe,* 429 U.S. 589, 599-600, 97 S.Ct. 869, 876, 51 L.Ed.2d 64, 73 (1976), found that an individual's right to privacy necessarily embodies two types of privacy interests, "[o]ne is the individual's interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." This protection in avoiding the disclosure of personal matters, however, is also not absolute, and the competing interests of each party must, therefore, be balanced. See *United States v. Westinghouse Electric Corp.,* 638 F.2d 570 (3d Cir. 1980) (employee medical records are within ambit of materials entitled to privacy protection but this right must be balanced against society's public health concerns); *Fabio v. Civil Service Commission of the City of Philadelphia,* 489 Pa. 309, 414 A.2d 82 (1980) (in Pennsylvania, only a compelling state interest will override one's privacy rights).

---

1. "It is acknowledged that court orders which compel, restrict or prohibit discovery constitute state action which is subject to constitutional limitations." *Stenger v. Lehigh Valley Hospital Center,* 530 Pa. 426, 435 n.8, 609 A.2d 796, 801 n.8 (1992), citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

There can be no question but that some part of the plaintiff's extensive medical history may be of substantial relevance to the issue at hand. In the same light, however, there can also be no question but that some parts of the plaintiff's medical history may be not only irrelevant to the present action but also of a highly private and personal nature. The defendant's counsel in argument has so admitted. Therefore, it is agreed by both parties that within the records which are subject to the subpoena are matters which are fully discoverable and matters which are fully undiscoverable. The plaintiff's counsel obviously seeks to keep the matters which are fully undiscoverable from the opposing counsel's review. Opposing counsel concedes that he has no use for these undiscoverable matters, but makes known his concern that fully discoverable matters may be well be kept from him in the mistaken belief that they are undiscoverable. The question becomes whether there can be a reconciliation of *both,* the defendant's need for all relevant, non-privileged matters and the plaintiff's right to keep private all of her medical records which contain intimate matters of a personal nature which are not germane to the present action.

We began an analysis of this matter by first noting that the plaintiff is impliedly considered to have consented to the disclosure of information which is considered confidential in "civil matters brought by such patient, for damages on account of personal injuries." 42 Pa.C.S. §5929. The defendant would interpret this as allowing for the discovery of *everything* in the plaintiff's medical records irrespective of the fact that information which will be discovered will admittedly have no significance or relationship to the present action. We consider such an interpretation to be unacceptable and overreaching. See *DeLuca v. Leon,* 1 D.&C.3d 185 (1977) (request to compel production of all plaintiff's medical records refused). The purpose underlying the

implied waiver policy is that "it is inconsistent for a patient to base a claim upon his medical condition and then use the privilege to prevent the opposing party from obtaining and presenting conflicting evidence pertaining to that condition." *Moses v. McWilliams,* 379 Pa. Super. 150, 181, 549 A.2d 950, 966 (1988) (Cirillo, P.J., concurring and dissenting), citing *Bond v. District Court,* 682 P.2d 33, 38 (Colo. 1984). To allow the defendant the discovery of every shred of the plaintiff's medical records, including that which will be unquestionably impertinent, does not further this policy.

We also make note of Pa.R.C.P. 4009 which allows a court to order a party to produce records which are in the "possession, custody or control of the party upon whom the request is served." For purposes of the application of Rule 4009, an individual's medical records may be considered as within the "control of the party." *Greyhound v. McAllister,* 130 P.L.J. 414, 415 (1982) (since patient can direct physician to make their medical records available for review by the patient or any designated third party, the records are effectively in the control of the patient). That is, while a party's medical records may not be in his possession, they may properly be deemed to be in his control. Nothing in Rule 4009 requires that a party have both possession *and* control of his records in order for a court to order their production. As such, a party may be ordered to produce medical records which are in his control but not in his possession. The question becomes, for our purposes, whether the production of records which are not in a party's possession but are within his control should be afforded disparate treatment.

A party which has received a motion to produce documents or records in their possession is afforded the opportunity to inspect these documents and records and remove that which is considered to be not properly

the subject of the discovery motion. The party's counsel performs this discretionary function before turning over the records to the opposing party. This is an acceptable, necessary and well-established procedure. Matters which the counsel in good faith considers to have absolutely no materiality to the action are properly removed. There is no convincing reason to treat records which are under the control of a party but not in his possession in a different manner.[2]

The defendant suggests that to allow such like treatment is tantamount to allowing the plaintiff to try the defendant's case. We cannot agree. Such an argument would not likely be made were records in the possession of the plaintiff. That they are instead in the possession of another, but under his control, should not change the analysis. The concern of the defendant is legitimate. This concern is, however, endemic to both circumstances. In either circumstance, there is an understandable concern that certain materials may be withheld for the benefit of the withholding party. There is no reason for the concern to be greater, however, in one circumstance over the other. Should a misguided attorney endeavor upon a foolish course of withholding discoverable matters, there will be no distinctions made which will be based on whether the material withheld was first in the possession or the control of the client.

---

2. As noted persuasively in *Talarico v. Talarico v. Montefiore Hospital*, 138 P.L.J. 213 (1990), "[t]here is no reason to treat a request for the production of medical records in a different fashion from, for example, a request from a plaintiff directed to a hospital for the production of any records in its possession, custody, or control concerning the incident that is the subject of the lawsuit. Obviously, we would not permit the plaintiff's counsel to sort through all records of the hospital to be sure that the hospital has complied with the plaintiff's request for the production of documents."

The second concern of the defendant that the plaintiff may in good faith remove a part of the record which is in fact pertinent, is equally legitimate. This concern alone, however, will not allow defendant the overreaching scope of his discovery request. Pa.R.C.P. 4012(a)(2) allows that a court may make an order that, "the discovery or deposition shall only be on specified terms and condition, including a designation of the time and place." This rule affords a court with the means to provide for the defendant's concerns for the full disclosure of all discoverable matters without the need to compromise the plaintiff's protected privacy concerns. See *Arnone v. Acme Markets Inc.,* 1 D.&C.4th 281 (1987) (court ordered that responding party list and briefly describe all parts of the record which were withheld).

Therefore, the plaintiff's objection to the defendant's issuance of subpoenas will be granted and any discovery of these subpoenaed documents and records may only be accomplished according to the following order.

## ORDER

And now, June 4, 1998, consistent with the foregoing memorandum, counsel for the defendant, Richard T. Biebel, as administratrix of the estate of Ruth E. Peterson, may serve each subpoena he wishes to serve upon medical providers so long as the records requested by each such subpoena are required to be forwarded directly to counsel for the plaintiff.

Counsel for the plaintiff shall promptly review all such subpoenaed records and documents and forward to counsel for defendant Biebel all records which plaintiff's counsel deems to be those relevant to this proceeding, along with a brief description of the records

not provided and an explanation as to why those records were not provided.

Furthermore, plaintiff's counsel shall forward to counsel for Biebel an affidavit providing that the records produced and those expressly withheld compromised the whole of the subpoenaed records and documents.

Thereafter, if there are any unresolved disputes regarding the discovery of the subpoenaed records and documents, counsel for defendant Biebel may file an appropriate motion with the court asking that there be an in camera inspection regarding any records that may be in dispute so that the court may determine if there is anything that is further discoverable.